ALBERT J. BARNES, Plff.,

*v.*

LUCAS P. VALDIVIESO ET AL., Dfts.

---

Ponce, Law, No. 300.

MOTION TO STRIKE.

Pleadings—Demurrer—Motion to Strike.
    After a demurrer to a complaint has been overruled and the party

Barnes v. Valdivieso.

given a certain time within which to answer, he loses his right to file a motion to strike.

Opinion filed June 27, 1916.

---

*Messrs. José Tous Soto* and *M. M. Sama* for plaintiff.

*Messrs. H. F. Besosa, J. A. Poventud,* and *R. V. Perez-Marchand* for defendants.

HAMILTON, Judge, delivered the following opinion:

This cause came on to be heard June 17 on demurrer of the defendants. The demurrer was overruled, and the defendants given until June 28 to file a proper verified answer. After that time the defendants filed this motion to strike two paragraphs of the complaint which set out matters of agency and new promises to pay. The motion now comes on to be heard this 27th day of June.

It is argued for the defendants that under the Porto Rico Code of Civil Procedure, § 123, a motion to strike for surplusage and the like may be filed at any time. This, at least so far as relates to the procedure in the Federal courts, must be held to be too broad a statement of the law. The Porto Rico Code of Civil Procedure is taken from those of California and other Western states, and is really a digest of common-law procedure, amended to meet modern circumstances. The old common-law rule, not to be held as abrogated by such a Code without special mention, is that motions to reform pleadings by striking out surplus matters or the like, by which, so to speak,

Barnes v. Valdivieso.

the pleadings are licked into shape, must be the first that are considered after questions of jurisdiction. Stephen, Pl. *passim.* When the pleadings are in proper form, then should be filed demurrers, which in effect say that granting the form of the pleading is correct, it does not show a legal cause of action or defense, as the case may be. Filing a demurrer, therefore, has always been held to waive a motion to strike for these preliminary grounds, and it will be so held in the present case. The defendants should not have interposed a motion to strike after the demurrer was disposed of. An incidental *reductio ad absurdum* of the contrary argument would be that after the court had fixed a day for answer, as in the case at bar it has fixed to-morrow, the defendant could interpose a dilatory motion, and, under the section of the Code of Civil Procedure above cited, could change the time of pleading which the court had fixed, for § 123 says that "until such motion is disposed of by the court the mover shall not be required to plead further." Such a construction would enable parties to override an order of court, which of course is out of the question.

Moreover, in the case at bar the motion should be refused upon the merits. It is possible that the paragraphs objected to are not necessary to the complaint. It is possible that they are matters of evidence rather than strictly matters of necessary pleading. Nevertheless, they are matters which can properly come in under the evidence in the cause, and so are germane to the issue. It might be that it was not necessary to allege them, but, being alleged, it is not necessary to strike them out. They will not be struck out under the circumstances of this case.

The defendants now ask five days additional in which to file

Barnes v. Valdivieso.

their answer, and this is opposed by the plaintiff. It is admitted upon the argument that defendant Valdivieso is now in Porto Rico and within reach of his attorney, which was not the case when time was granted on previous application. But the case cannot be tried at this call of the Ponce docket, and in fact will not be reached until the January call of that docket. It does not appear that any harm will be done in allowing a short extension of time, and it is not improper, inasmuch as defendant Valdivieso has just returned to the Island, and has not had much opportunity for conference with his attorney. The extension should not be granted, however, beyond the time that the court is at Ponce, which will probably be noon of June 29. It would be better for the case to get at issue while the court is here to have control over steps to that end.

The motion to strike, therefore, is overruled, and the defendants are given until June 29 at noon to file a proper verified answer. If this is not filed by that time, the clerk will enter a default.

It is so ordered.